UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bemarmara Consulting a.s.<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 13-13037 |

**DECLARATION OF JUDR. ING. HELENA HOROVA IN
SUPPORT OF (I) VERIFIED CHAPTER 15 PETITION, (II)
FOREIGN REPRESENTATIVE'S MOTION FOR ORDERS
GRANTING PROVISIONAL AND FINAL RELIEF IN AID
OF FOREIGN PROCEEDING, AND (III) CERTAIN
<u>RELATED RELIEF</u>**

I, JUDr. Ing. Helena Horova, declare as follows:

1. I am the duly appointed insolvency trustee of Bemarmara Consulting a.s. (f/k/a Baest a.s.), the authorized foreign representative (the "Foreign Representative") of the above-captioned debtor (the "Debtor") in a proceeding (the "Czech Republic Proceeding") commenced under the Czech Republic Insolvency Act, Act No. 182/2006 Coll. On Insolvency and Methods of its Resolution, as amended (the "Insolvency Act"), and pending before the County Court in Prague, Czech Republic (the "Czech Court").

2. On August 23, 2012, the Czech Court announced the commencement of the Czech Republic Proceeding under case no. KSPH 39 INS 20541/2012 regarding the Debtor. On October 5, 2012, the County Court in Prague declared the Debtor insolvent. The decision on insolvency came into force on October 24, 2012. A true and correct copy of the order of the Czech Court declaring the Debtor insolvent (the "Insolvency Order") is attached hereto as <u>Exhibit A</u>. A true and correct copy of the court notice commencing the Czech Republic Proceeding is attached hereto as <u>Exhibit B</u>.

1

3. I submit this declaration (the "Declaration") in support of the following motions and other documents (collectively, the "First Day Papers"): (a) the verified chapter 15 petition of the Debtor; (b) the Foreign Representative's Motion for Orders Granting Provisional and Final Relief in Aid of Foreign Proceeding (the "Recognition and Relief Motion"); and (c) the Foreign Representative's Motion for an Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice (the "Notice Procedures Motion"). I am authorized by the Debtor to submit this Declaration on their behalf in support of the First Day Papers.

4. In my role as the Foreign Representative, I have become familiar with the history, day-to-day operations, assets, financial condition, business affairs, and books and records of the Debtor. Except as otherwise indicated, all facts set forth in this Declaration are based upon: (a) my personal knowledge; (b) my review of relevant documents; (c) information supplied to me by other employees of the Debtor or its affiliates, the officers of the Debtor, director, and employees of the Debtor, or other professionals retained by the Debtor; or (d) my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. I am an individual over the age of 18 and, if I am called to testify, I will testify competently to the facts set forth herein.

## Background

### A. The Debtor's Business

5. The Debtor is a medium-sized manufacturing enterprise specializing in the manufacture of welded steel structures and parts of machinery and facilities mainly for the construction and engineering industry. During the period between 2006 and 2008, the Debtor's manufacture of crane components amounted to 75% of the Debtor's overall output. A significant amount of the Debtor's production supplied foreign markets – mainly two major customers in the

United States and the European Union.

6. All corporate-level and decision-making and corporate administrative functions affecting the Debtor are centralized in the Benesov, Czech Republic office. Indeed, the Debtor's entire management team is based in the Czech Republic. Additionally, all active business operations of the Debtor are undertaken entirely in the Czech Republic.

**B. The Debtor's Assets**

7. As of 31st July, 2012 and following financial reports, the Debtor had total consolidated assets with a book value of approximately $ 4.64 million. Such assets included accounts receivable (approximately $ 1.47 million), bank accounts (approximately $0.44 million), equipment (approximately $ 0.37 million) and other miscellaneous property (approximately $ 2.33 million).

**C. The Debtor's Liabilities**

8. The Debtor's liabilities are mainly comprised of trade payables (including amounts owed to Baest Machinery Holding, a.s. and BAEST Machines & Structures, a.s., affiliated entities). The Debtor owes Baest Machinery Holding, a.s. approximately $ 0.13 million [CZK 16 720 131,00]. The Debtor owes BAEST Machines & Structures, a.s. approximately $ 0.02 million [CZK 1 448 847,00]. The Debtor owes other suppliers/creditors approximately $4.32 million  [CZK 749 248 657,00].

9. In addition to the liabilities owed to trade vendors, Terex USA, LLC ("Terex") has asserted claims against the Debtor on account of alleged defective cranes supplied by the Debtor to Terex. Terex has filed an amended complaint in the United States District for the District of Delaware seeking (i) damages for breach of the express warranties, breach of contract, breach of implied warranties based upon alleged defective cranes supplied by the

Debtor and (ii) a declaratory judgment that it is not obligated to pay the Debtor any amounts under a Bailment Agreement between the Debtor and Terex (the "Terex Litigation"). Pursuant to its amended complaint, Terex seeks damages in an amount not less than $23 million. The Debtor has filed an answer to Terex's amended complaint. Terex has also filed a claim in the Czech Republic Proceeding in the amount of CZK 523,911,529.41 (approx. USD $25,574,300).

### D. The Events Leading Up to the Filing of the Czech Republic Proceeding and this Chapter 15 Case

10. After the global economic recession, the Debtor experienced several serious adverse changes in its relationship with its foreign customers. As a result of the global recession, the Debtor's relationship with its strategic partner, Terex Cranes and its related companies, Terex Demag GbmH and Terex Comedil, was terminated. In addition to the termination of the Terex relationship, there was a considerable decline in the demand of some other foreign customers. Moreover, certain of the Debtor's customers (i) did not pay for the delivered and ordered goods, which, in turn, had a significant impact on the Debtor's liquidity; and (ii) in an effort to avoid their contractual obligations, initiated costly litigation against the Debtor based on dubious claims.

11. Due to emergency measures adopted by the Debtor, the Debtor was successful in addressing the economic issues facing its business and meeting its financial commitments. However, in early 2012, the Debtor's financial situation further deteriorated due to:

   a. Further significant loss of purchase orders from customers in the crane technology, construction and engineering sectors;

   b. The dissolution or insolvency of certain customers of the Debtor resulting in the uncollectibility of significant receivables;

4

      c.   Considerable expenses related to litigation;

      d.   Judicial and enforcement proceedings in connection with disputes with material suppliers;

      e.   General economic conditions in the Debtor's industry.

12. As a result of the foregoing economic and business conditions, the Debtor filed a voluntary insolvency petition under the Insolvency Act on August 22, 2012. On August 23, 2012, the Czech Court announced the commencement of the insolvency proceeding held by the Czech Court under case No. KSPH 39 INS 20541/2012. On October 5, 2012, the Czech Court declared the Debtor insolvent. The Czech Court's adjudication of insolvency became effective October 24, 2012.

13. On October 5, 2012, the Czech Court appointed the Foreign Representative as the insolvency trustee for the Debtor. The authority to administer the assets of the Debtor, along with the authority to exercise (or perform) the rights and obligations belonging to the Debtor with respect to such assets, vested in the insolvency trustee through the entry of the Insolvency Order.

14. At a hearing held by the Czech Court on January 11, 2013, the Debtor was declared bankrupt. On the same date, the Foreign Representative assumed full authority to act for the Debtor. There are 83 creditor´s petitions registered in the insolvency proceeding.

**Requests for Recognition and Related Relief**

15. In connection with the filing of this chapter 15 case, the Debtor has submitted the Recognition and Relief Motion and the Notice Procedures Motion. In addition to the facts set forth above, factual bases for relief under each of these motions is set forth below. I believe, after consultation with counsel, that the relief requested by each of the motions is

necessary to maximize value for all of the Debtor's' creditors through the Czech Republic Proceeding, protect assets located in the United States, and properly administer this proceeding.

    A.  **Recognition and Relief Motion**

    16.    Concurrently herewith, the Foreign Representative filed the Recognition and Relief Motion seeking (a) entry of the Provisional Order: (i) recognizing and enforcing the Insolvency Order, (ii) applying 362 of the Bankruptcy Code in this chapter 15 case on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, and (iii) granting such other and further relief as the Court deems just and proper; and (b) entry of the Final Order:  (i) granting the petition in this case and recognizing the Czech Republic Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Czech Order, including any extensions or amendments thereof authorized by the Czech Court and extending the protections of the Provisional Order to the Debtor on a final basis, and (iii) granting such other and further relief as the Court deems just and proper.

    17.    As detailed more fully in the Memorandum of Law filed in support of the Recognition and Relief Motion, I believe that there is a compelling case for recognition of the Czech Republic Proceeding as a foreign main proceeding.  I have been advised by my counsel that the Czech Republic Proceeding is a "foreign proceeding" and that I am a "foreign representative, as those terms are defined in the Bankruptcy Code.  I have been further advised that this case was duly and properly commenced by filing the Petition for Recognition accompanied by all fees, documents, and information required by the Bankruptcy Code and the Bankruptcy Rules, including:  (a) a corporate ownership statements; (b) a list containing (i) the names and addresses of all persons or bodies authorized go administer foreign proceedings of the

Debtor, (ii) all parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of the Petition for Recognition, and (iii) all entities against who provisional relief is being sought; (c) a statement identifying all foreign proceedings with respect to the Debtor that are known to the Foreign Representative; and (d) a certified copy of the Czech Order.

18.     My counsel has also advised me that the automatic stay is one of the most fundamental protections provided by the Bankruptcy Code. I have been advised that it halts all collection efforts, harassment, and foreclosure actions against debtors and provides them with the necessary breathing room to step back from, and attempt to resolve, the financial pressures that caused their bankruptcy filing. Here, the immediate imposition of the automatic stay pursuant to the Provisional Order is necessary to, among other things, stay the Terex Litigation against the Debtor and prevent the enforcement of any judgment obtained in the Terex Litigation against the Debtor and its asset. This type of decentralized administration of the Debtor's assets could be extremely prejudicial to the Debtor's reorganization process, and could serve to hinder the Czech Republic Proceeding.

19.     In contrast, I believe that the Debtor's creditors and other stakeholder will suffer little, if any, harm as a result of the requested provisional relief as such relief will merely preserve the status quo and enable the Debtor to continue to finance its operation during the short time necessary for the Court to rule on the Petition for Recognition. In fact, I believe that granting the request for provisional relief will benefit the Debtor's creditors and stakeholders because it will ensure that the value of the Debtor's assets and business are preserved and maximized for the benefit of all stakeholders.

20.     I can attest that the Czech Republic Proceeding is pending in Prague,

Czech Republic and the Czech Republic is the center of the Debtor and its main interests. As set forth above, (a) all corporate level decision-making and corporate administrative functions affecting the Debtor are centralized in in Benesov, Czech Republic, (b) the Debtor's management team is based in Benesov, and (c) all of the Debtor's business operations are undertaken, and all of the Debtor's producing assets, are located in the Czech Republic.

21. Finally, as described in the Memorandum of Law and the Recognition and Relief Motion, and as discussed with counsel, I understand and believe that recognizing the Czech Republic Proceeding as a foreign main proceeding and granting the relief requested therein on a final basis is consistent with the purposes of chapter 15 of the Bankruptcy Code and public policy of the United States.

22. Therefore, I believe that the provisional and final relief requested in the Recognition and Relief Motion is necessary and appropriate and is in the best interests of the Debtor, its creditors and other parties in interest.

B. **Notice Procedures Motion**

23. Concurrently herewith, the Foreign Representative has also filed the Notice Procedures Motion seeking the entry of an order approving (a) the form of notice (the "Recognition Hearing Notice") of (i) the chapter 15 petition, (ii) the entry of the Provisional Order, (iii) the deadline to object to the proposed Final Order, and (iv) the Recognition Hearing; (b) the manner of service of the Recognition Hearing Notice; and (c) the manner of service on the Master Service List of any pleadings filed in this chapter 15 case.

24. I can attest that the Debtor has dozens of creditors, potential creditors, and other parties in interest, all of whom need to be provided with, among other things, notice of the Provisional Order, the proposed Final Order, the Recognition Objection Deadline, and the

Recognition Hearing. Under the facts and circumstances of the Debtor's chapter 15 case, I submit that service of the Recognition Hearing Notice in the manner proposed herein will provide the Notice Parties with due and sufficient notice of the relief requested in the Recognition and Relief Motion and associated objection deadline and hearing dates.

25. Furthermore, I believe that the Recognition Hearing Notice provides multiple efficient ways for any party receiving such notice to obtain copies of pleadings filed in this chapter 15 case, as it provides an email address and phone number that can be used to obtain critical documents including the Recognition Motion, the Provisional Order, the Insolvency Order, and the proposed Final Order. Additionally, I believe that service by the Foreign Representative of all pleadings that are filed in this case by United States mail first class postage prepaid, on the Master Service List is an efficient and effective and effective way to provide notice to such key parties in this case and the Czech Republic Proceeding. At the same time, I believe that it will not be overburdened with the significant costs associated with copying and mailing all the various documents filed in this case to the entire matrix of putative creditors and other parties.

26. Therefore, I believe that the relief requested in the Notice Procedures Motion is necessary and appropriate and is in the best interests of the Court, the Debtor, its creditors, and other parties in interest.

## Conclusion

27. Based on the foregoing, I believe that the relief being requested at the outset of this chapter 15 case is well-justified, necessary under the circumstances, in the best interests of the Debtor and its creditors, and should be granted.

I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of

the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief, and that the copy of the Insolvency Order attached hereto as <u>Exhibit A</u> is a true and correct copy of the same as entered by the Czech Court.

Dated: November __, 2013
      Benesov, Czech Republic

                                                     _____
                                                     JUDr. Ing. Helena Horova