**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Bemarmara Consulting a.s. | Case No. 13-13037 |
| Debtor in a Foreign Proceeding. | |

**FOREIGN REPRESENTATIVE'S MEMORANDUM OF LAW IN
SUPPORT OF (I) VERIFIED CHAPTER 15 PETITION AN (II) MOTION
FOR ORDERS GRANTING PROVISIONAL AND FINAL RELIEF IN AID
OF FOREIGN PROCEEDING**

Dated:  November 15, 2013

> GELLERT, SCALI, BUSENKELL & BROWN, LLC
> Michael Busenkell (No. 3933)
> 913 N. Market St., Suite 1001
> Wilmington, Delaware  19801
> Telephone:  (302) 425-5812
> Facsimile:  (302) 425-5814
>
> *Attorneys for Foreign Representative*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... ii

FACTUAL BACKGROUND .................................................................3

ARGUMENT ....................................................................................3

    A. The Czech Republic Proceeding is Entitled to Recognition as a Foreign Main Proceeding ..................................................................................3

        1. The Court Has Jurisdiction to Recognize the Czech Republic Proceeding Grant the Relief Requested ...............................................................4

        2. This Case is Proper Under Chapter 15 .......................................4

        (a) The Czech Republic Proceeding is a "Foreign Proceeding." ...................4

        (b) The Foregin Representative is a "Foreign Representative." ...................5

        (c) The Foregin Representative Properly Filed This Case ...........................5

        (d) The Petition for Recognition is Consistent With the Purpose of Chapter 15 ...................................................................................................6

        3. The Czech Republic Proceeding is a "Foreign Main Proceeding" Under Sections 1502(4) and 1571(b)(1) of the Bankruptcy Code ................................6

        4. Recognizing the Czech Republic Proceeding as a Foreign Main Proceeding is Consistent with the Purpose of Chaspter 15 and Public Policy ......................8

    B. The provisional Relief Requested by the Foreign Representative is Within The Scope of Section 1519 of the Bankruptcy Code and Appropriate Under the Circumstances ...............................................................................11

        1. The Relief Requested is Authorized by Sections 1519(a)(3), 1521(a)(7), and 105(a) .......................................................................................12

        2. The Relief Requested is Necessary and Appropriate to Prevent Irreparable Harm ........................................................................................13

        (a) There is a Substantial Likelihood of Foreign Recognition ....................14

        (b) The Debtor Will Suffer Irreparable Injury If the Provision Order is Not Entered ...................................................................................... 14

        (c) There Will Be No Greater Harm to Others if the Relief is Granted ........16

        (d) Granting the Requested Relief is Consistent with U.S. Public Policy ....16

CONCLUSION................................................................................17

TABLE OF AUTHORITIES

**Cases**

*ACLU of N.J. v. Black Horse Pike Reg'l Bd. Of Educ.*, 84 F.3d 1471
  (3d Cir. 1996) ................................................................................................ 13

*Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810 (9th Cir. 2003) ...... 13

*Cornfeld v. Investors Overseas Servs., Ltd.*, 471 F.Supp. 1255, 1259
  (S.D.N.Y. 1979) ............................................................................................... 9

*In Arctic Glacier Int'l Inc.*, No. 12-10605 (Bankr. D. Del. Feb. 23, 2012) .................... 12

*In re Banco Nacional de Obras y Servicios Publicos, S.N.C.*, 91 B.R. 661
  (Bankr. S.D.N.Y. 1988) .................................................................................... 15

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
  374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007) .......................................... 6, 7, 8, 17

*In re Elpida Memory, Inc.*, No. 12-10947 (Bankr. D. Del. Mar. 21, 2012) .................... 12

*In re Fairfield Sentry Ltd.*, 440 B.R. 60 (Bankr. S.D.N.Y. 2010) ...................................... 8

*In re Innua Canada Ltd.*, No. 09-16362 (Bankr. D. N.J. Mar. 25, 2009) ........................ 13

*In re Ionoshere Clubs, Inc.*, 922 F.2d 984 (2d Cir. 1990) ...................................................... 9

*In re Lines*, 81 B.R. 267 (Bankr. S.D.N.Y. 1988) ....................................................... 13, 15

*In re Nortel Networks UK Ltd.*, No. 09-11972 (Bankr. D. Del. Oct. 27, 2010) .............. 12

*In re SPhinX Ltd.*, 351 B.R. 103 (Bankr. S.D.N.Y. 2006) .......................................... 7, 17

*In re Tri-Continental Exch. Ltd.*, 349 B.R. 627 (Bankr. E.D. Cal. 2006) .......................... 7

*Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700 (3d Cir. 2004) ...................................... 13

*Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006) ....................................................... 13

*United States v. Bell*, 414 F.3d 474, 478 n. 4 (3d Cir. 2005) ........................................... 13

*Victrix  S.S. Co., S.A. v. Salen Dry Cargo, A.B.*, 825 F.2d 709 (2d Cir. 1987) .............. 15

## Other Authorities

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012 ........................................................ 4

## Rules

11 U.S.C. § 101 ........................................................................................................................ 5

11 U.S.C. § 1501 .............................................................................................................. *passim*

11 U.S.C. § 1506 ...................................................................................................................... 9

11 U.S.C. § 1517 ................................................................................................................. 7, 8

11 U.S.C. § 1525 .................................................................................................................... 17

11 U.S.C. §§ 101-1532 ............................................................................................................ 1

28 U.S.C. § 157 ....................................................................................................................... 4

Czech Republic Insolvency Act ....................................................................................... 1, 5, 11

JUDr. Ing. Helena Horova is the authorized foreign representative (the "Foreign Representative") of the above-captioned debtor (the "Debtor" or "Baest") in a proceeding (the "Czech Republic Proceeding") commenced pursuant to the Czech Republic's Insolvency Act and pending in the County Court in Prague, Czech Republic (the "Czech Court").  On the date hereof, the Foreign Representative commenced the above-captioned chapter 15 case (the "Chapter 15 Case") by filing a verified petition and the Foreign Representative's Motion for Orders Granting Provisional and Final Relief in Aid of Foreign Proceeding (the "Recognition Motion," and, together with the petition, the "Petition for Recognition")[1], seeking (a) entry of a provisional order in the form attached thereto as Exhibit A (the "Provisional Order"): (i) recognizing and enforcing in the United States, on an interim basis, the order, dated October 5, 2012, of the Czech Court (the "Czech Insolvency Order") declaring the Debtor insolvent under the Czech Republic Insolvency Act, Act No. 182/2006 Coll. On Insolvency and Methods of its Resolution, as amended (the "Insolvency Act"), (ii) applying section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Chapter 15 Case on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, and (iii) granting such other and further relief as the Court deems just and proper; and (b) entry of a final order, after notice and hearing, substantially in the form attached thereto as Exhibit B (the "Final Order"): (i) granting the petition in this case and recognizing the Czech Republic Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Czech Insolvency Order, including any

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Recognition Motion.

extensions or amendments thereof authorized by the Czech Court and extending the protections of the Provisional Order to the Debtor on a final basis, and (iii) granting such other and further relief as the Court deems just and proper.   The Foreign Representative respectfully submits this Memorandum of Law in support of the Petition for Recognition.

## PRELIMINARY STATEMENT

The Foreign Representative is authorized by the Debtor and approved by the Czech Court to, among other things, assist the Debtor in this proceeding, report to the Czech Court, and take such actions as may be necessary or appropriate in furtherance of the recognition of the Czech Republic Proceeding.  In furtherance of her duties, the Foreign Representative seeks (a) entry of the Provisional Order granting certain provisional relief to preserve the Debtor's assets in the United States pending a final hearing on the Petition for Recognition, and (b) entry of the Final Order, after notice and a hearing, granting recognition of the Czech Republic Proceeding as a foreign main proceeding and granting relief similar to that granted by the Provisional Order on a final basis.  Absent the relief requested, the Czech Republic Proceeding could be undermined, the Debtor's restructuring efforts could be jeopardized, and the Debtor, its creditors, and other parties in interest could suffer irreparable harm.

The ultimate purpose of the Czech Republic Proceeding is to restructure the Debtor's debt obligations for the long-term benefit of its creditors and stakeholders. The Foreign Representative believes that granting the additional relief sought herein will best assure the fair and efficient administration of the Czech Republic Proceeding and maximize the value of the Debtor's business for the benefit of creditors, all of

which is consistent with the principles set forth in chapter 15 of the Bankruptcy Code and the public policy of the United States of America.

Chapter 15 of the Bankruptcy Code authorizes the Court to recognize a "foreign proceeding," as defined by section 101(23) of the Bankruptcy Code, upon the proper commencement of a case under chapter 15 by a "foreign representative," as defined by section 101(24) of the Bankruptcy Code. Chapter 15 further authorizes the Court to grant assistance in the United States to a foreign representative in connection with a foreign proceeding including by granting injunctive and other relief pursuant to sections 1519, 1520 and 1521 of the Bankruptcy Code.

The Petitions for Recognition satisfy all of the requirements set forth in sections 1515, 1517, 1520, and 1521 of the Bankruptcy Code, as applicable. Moreover, the relief requested therein is necessary and appropriate under chapter 15 of the Bankruptcy Code. Finally, granting recognition of the Czech Republic Proceeding is consistent with the goals of international cooperation with, and assistance to, foreign courts recognized by section 1501(a) of the Bankruptcy Code.

## FACTUAL BACKGROUND

The Court is respectfully referred to the Petition for Recognition and the Declaration Of Judr. Ing. Helena Horova In Support Of (I) Verified Chapter 15 Petition, (II) Foreign Representative's Motion For Orders Granting Provisional And Final Relief In Aid Of Foreign Proceeding, And (III) Certain Related Relief (the "Horova Declaration"), which contain the facts relied on in this Memorandum of Law, and are incorporated herein by reference.

## ARGUMENT

### A. The Czech Republic Proceeding Is Entitled To Recognition As A Foreign Main Proceeding.

3

**1. The Court Has Jurisdiction To Recognize The Czech Republic Proceeding And Grant The Relief Requested.**

The Court has jurisdiction to hear and determine cases commencing under the Bankruptcy Code and all core proceedings arising thereunder pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, as well as the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  A case under chapter 15 is a "case" under the Bankruptcy Code.  Recognition of foreign proceedings and other matters under chapter 15 of the Bankruptcy Code have expressly been designated as "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue is proper in this District pursuant to section 1410 of title 28 of the United States Code.

**2. This Case Is Proper Under Chapter 15.**

Chapter 15 of the Bankruptcy Code applies where a foreign representative seeks the assistance of a United States bankruptcy court in connection with a foreign proceeding.  11 U.S.C. § 1501(b)(1).  The Debtor's case is proper under chapter 15 because (a) this case concerns a "foreign proceeding," (b) this case was commenced by JUDr. Ing. Helena Horova, a duly authorized "foreign representative," (c) the Petition for Recognition, and all required supporting documentation, were properly filed, and (d) the relief sought by the Petition for Recognition is consistent with the objectives of chapter 15.

**(a) The Czech Republic Proceeding is a "Foreign Proceeding."**

Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> A collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to

4

> control or supervision by a foreign court, for the purpose of
> reorganization or liquidation.

11 U.S.C. § 101(23).  The Czech Republic Proceeding fits squarely within the

Bankruptcy Code's definition of a "foreign proceeding," as it is an insolvency action

brought under the Insolvency Act designed to enable financially distressed companies

to avoid foreclosure or seizure of assets while maximizing going concern value for the

benefit of creditors and other parties in interest.  Pursuant to the Insolvency Act, the

Debtor has obtained from the Czech Court the Czech Order, a certified copy of which

is attached to the Horova Declaration as Exhibit A.

### (b) The Foreign Representative Is A Proper "Foreign Representative."

Section 101(24) of the Bankruptcy Code provides that:

> The term "foreign representative" means a person or body,
> including a person or body appointed on an interim basis,
> authorized in a foreign proceeding to administer the
> reorganization or the liquidation of the debtor's assets or
> affairs or to act as a representative of such foreign
> proceeding.

11 U.S.C. § 101(24).  On October 5, 2012, the Czech Court declared the Debtor

insolvent pursuant to the Czech Order.  On the same date, the Czech Court appointed

the Foreign Representative as trustee for the Debtor.  The authority to administer the

Debtor's assets vested in the Foreign Representative, as trustee, pursuant to the Czech

Order.  Accordingly, the Foreign Representative is a "foreign representative" as

defined in the Bankruptcy Code.

### (c) The Foreign Representative Properly Filed This Case.

This case was duly and properly commenced as required by sections 1504 and

1509(a) of the Bankruptcy Code by the filing of the Petition for Recognition pursuant

to section 1515(a) of the Bankruptcy Code, which was accompanied by all documents and information required by sections 1515(b) and (c). *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding pursuant to section 1515 of the Bankruptcy Code"), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008).  Because the Foreign Representative has satisfied the requirements set forth in section 1515 of the Bankruptcy Code, this case has been properly commenced.

### (d) The Petition For Recognition Is Consistent With the Purpose Of Chapter 15.

One of the stated objectives of chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor."  11 U.S.C. § 1501(a)(3).  This case has been commenced for the purpose of obtaining the assistance of the Court to ensure the effective and economical administration of the Czech Republic Proceeding by, among other things, restricting the Debtor's creditors from taking certain actions in the United States that would undermine the unified, collective, and equitable resolution of the Debtor's liabilities in the Czech Republic Proceeding before the Czech Court.  As such, the Petition for Recognition is consistent with the purpose of chapter 15 and the cross-border coordination it promotes.

### 3. The Czech Republic Proceeding Is A "Foreign Main Proceeding" Under Sections 1502(4) And 1571(b)(1) Of The Bankruptcy Code.

The Foreign Representative respectfully submits that the Court should grant recognition of the Czech Republic Proceeding as a "foreign main proceeding" as

defined in section 1502(4) of the Bankruptcy Code.  The Bankruptcy Code provides that a foreign proceeding is a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests.  11 U.S.C. § 1517(b)(1).  Many factors weigh into the center of main interests analysis, including "the location of the debtor's headquarters; the location of those who actually manage the debtor; the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes."  *In re Bear Stearns*, 374 B.R. at 127, 128 (citing *In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. July 5, 2007)).

The center of main interests for the Debtor's enterprise is Benesov, Czech Republic.  The Debtor is managed out of its corporate headquarters in Benesov, Czech Republic.  All corporate-level decision making and corporate administrative functions affecting the Debtor are centralized in the Benesov, Czech Republic office; indeed, the Debtor's entire management team is based in the Czech Republic.  Additionally, all active business operations of the Debtor are undertaken, and all producing assets of the Debtor are located entirely in the Czech Republic.

Thus, based on the facts present in this case, the Foreign Representative respectfully submits that Benesov, Czech Republic should be found to be the center of the Debtor's main interests.  *In re Tri-Continental Exch. Ltd.*, 349 B.R. 627, 634 (Bankr. E.D. Cal. 2006) (noting that a debtor's center of main interests is the "place where the debtor conducts the administration of his interests on a regular basis and is therefore ascertainable by third parties"); *In re Fairfield Sentry Ltd.*, 440 B.R. 60, 66

(Bankr. S.D.N.Y. 2010).

Further, at least one court has equated a company's principal place of business to be the center of its main interests. *Id.*; *In re Bear Stearns*, 374 B.R. at 127. As described above, all of the Debtor's corporate business is conducted from the Czech Republic. As such, the Czech Republic is "ascertainable by third parties" as the Debtor's center of main interests. *In re Bear Stearns*, 374 B.R. at 130. Accordingly, given that the Czech Republic Proceeding is pending in Prague, Czech Republic, which is the Debtor's center of main interests, the Czech Republic Proceeding should be recognized as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

An order recognizing a foreign proceeding shall be entered if all of the requirements for recognition have been met. 11 U.S.C. § 1517. As set forth above, the Czech Republic Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code, the Foreign Representative qualifies as a "foreign representative" under the Bankruptcy Code, and the Petition for Recognition meets the requirements of Bankruptcy Code section 1515. Accordingly, based on the submissions contained herein and in the Horova Declaration, pursuant to section 1517(a) of the Bankruptcy Code, the Foreign Representative is entitled to entry of an order granting recognition to the Czech Republic Proceeding. 11 U.S.C. § 1517 (an order recognizing a foreign proceeding "shall be entered" if all of the requirements for recognition have been met).

   **4.  Recognizing The Czech Republic Proceeding As A Foreign Main Proceeding Is Consistent With The Purpose Of Chapter 15 And Public Policy.**

Section 1506 of the Bankruptcy Code provides that nothing in chapter 15 shall

prevent the court from refusing to take action otherwise required therein if such action would be manifestly contrary to the public policy of the United States. 11 U.S.C. § 1506. The Foreign Representative submits that the relief requested is not manifestly contrary to, and is consistent with, public policy of the United States.

It is well established that one of the fundamental goals of the Bankruptcy Code is the centralization of disputes involving the debtor. *See, e.g., In re Ionoshere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990) ("The Bankruptcy Code 'provides for centralized jurisdiction and administration of the debtor, its estate and its reorganization in the Bankruptcy Court . . .") (internal citations omitted). Indeed, as one court has noted, "the firm policy of American courts is the staying of actions against a corporation which is subject of a bankruptcy proceeding in another jurisdiction." *Cornfeld v. Investors Overseas Servs., Ltd.*, 471 F.Supp. 1255, 1259 (S.D.N.Y. 1979) (recognizing that Canadian liquidation proceeding would not violate laws or public policy of New York or the United States).

The Czech Republic Proceeding is similar to cases under chapter 11 of the Bankruptcy Code because it provides for a centralized process to assert and resolve claims against an estate and to provide distributions to creditors in order of priority. Recognizing the Czech Republic Proceeding and enjoining certain actions or proceedings with respect to the Debtor and its assets will assist the orderly administration of the Debtor's assets. Such orderly administration is consistent with the public policy of the United States, as embodied in the Bankruptcy Code. Absent the relief requested, there is a possibility of potential actions proceeding against the Debtor in the United States, including the Terex Litigation, to enforce claims or to

9

recover on U.S. assets. This could result in unnecessary enforcement costs or the piecemeal disposition of assets to the detriment of the Czech Republic Proceeding and the Debtor's creditors. Avoiding such potential outcomes through the recognition of the Czech Republic Proceeding and enforcement of the Czech Order in the United States is consistent with United States public policy and promotes the public policies embodied in the Bankruptcy Code.

Further, recognition of the Czech Republic Proceeding is consistent with the purpose of chapter 15 and the UNCITRAL Model Law on Cross Border Insolvency. Section 1501(a) of the Bankruptcy Code provides, in pertinent part, that:

> The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of-
>
> (1) Cooperation between –
>
> ***
> > (B)    the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;
>
> ***
> (3) Fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor; [and]
> (4) Protection and maximization of the value of the debtor's assets.

11 U.S.C. § 1501.

The relief requested by the Foreign Representative is consistent with the objectives of chapter 15. Recognition of the Czech Republic Proceeding would foster cooperation between courts in the Czech Republic and the United States in the Debtor's restructuring proceedings. By granting recognition to the Czech Republic

Proceeding and enforcing the Czech Order in the United States, the Court can effectively assist the Czech Court in the orderly administration of the Debtor's assets. The Debtor's creditors would be enjoined from commencing or continuing actions against the Debtor and the assets of the Debtor, thereby assisting in the uniform resolution of claims against the Debtor.

Additionally, recognition of the Czech Proceeding would promote the fair and efficient administration of a cross-border reorganization procedure that protects the interests of all creditors and interested entities.  By recognizing the Czech Republic Proceeding and granting the relief requested, the process of resolving claims against the Debtor would be centralized in the Czech Republic.  Claims would be treated in accordance with the Insolvency Act and any disputes would be subject to the uniform jurisdiction of one tribunal, the Czech Court.  If creditors' actions with respect to the Debtor and the Debtor's United States assets are not effectively stayed, the uniform and orderly voluntary administration of the Debtor in the Czech Republic Proceeding will be jeopardized.

## B. The Provisional Relief Requested By The Foreign Representative Is Within The Scope Of Section 1519 Of The Bankruptcy Code And Appropriate Under The Circumstances.

Pursuant to the Recognition Motion, the Foreign Representative also seeks entry of an order making section 362 of the Bankruptcy Code applicable in this ancillary case on a provisional basis pending entry of the Final Order pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code.  As noted, the Foreign Representative believes that application of the automatic stay in this case is crucial to prevent irreparable injury to the value of the Debtor's assets by not subjecting them to

diminution in value resulting from collection efforts or enforcement efforts of creditors prior to the disposition of the Petition for Recognition.

### 1. The Relief Requested Is Authorized By Sections 1519(a)(3), 1521(a)(7), and 105(a).

Section 1519(a)(3) of the Bankruptcy Code authorizes the Court to grant, on a provisional basis, any relief available pursuant to section 1521(a)(7). Section 1521(a)(7) provides that the Court may grant any relief available to a trustee, subject to certain exceptions not relevant here. The automatic stay of section 362 is an essential feature of the Bankruptcy Code. Although not automatic upon filing, the Court has discretion to grant section 362 relief on a provisional basis pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code. In addition, section 105(a) of the Bankruptcy Code further allows the Court to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]."

The provisional application of section 362 of the Bankruptcy Code, among others, has been approved in several cases, both within and outside of this jurisdiction. *See, e.g., In re Elpida Memory, Inc.*, No. 12-10947 (Bankr. D. Del. Mar. 21, 2012) (applying section 362 of the Bankruptcy Code on a provisional basis to the actions of all creditors against the debtors and their property located within the United States, pursuant to section 1519 of the Bankruptcy Code); *In Arctic Glacier Int'l Inc.*, No. 12-10605 (Bankr. D. Del. Feb. 23, 2012) (granting provisional relief, through sections 1519 and 1521 of the Bankruptcy Code, sections 108, 362, and 365(e)); (granting provisional relief, including protections of automatic stay); *In re Nortel Networks UK Ltd.*, No. 09-11972 (Bankr. D. Del. Oct. 27, 2010) (granting provisional relief, including protections of automatic stay); *In re Innua Canada Ltd.*, No. 09-16362

(Bankr. D. N.J. Mar. 25, 2009) (granting provisional relief, including protections of automatic stay).  As further set forth below, provisional application of section 362 of the Bankruptcy Code is appropriate here, and in the best interests of the Debtor and its estate.

### 2. The Relief Requested Is Necessary And Appropriate To Prevent Irreparable Harm.

Relief pursuant to section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standard for injunctive relief.  11 U.S.C. § 1519(e); *In re Innua Canada Ltd.*, No. 09-16362, 2009 WL 1025088, at *3 (Bankr. D.N.J. Mar. 25, 2009).  In the Third Circuit, the factors considered for injunctive relief include "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *United States v. Bell*, 414 F.3d 474, 478 n. 4 (3d Cir. 2005) (citing *ACLU of N.J. v. Black Horse Pike Reg'l Bd. Of Educ.*, 84 F.3d 1471, 1477 n. 2 (3d Cir. 1996)).  *See also Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006) (citation omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted).

The greater the relative hardship to the party seeking the preliminary injunction, the less probability of success must be shown.  *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).  In the cross-border restructuring context, courts have consistently recognized that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury." *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988).  The Foreign Representative

submits that this standard is satisfied here and that it is therefore entitled to the requested provisional relief pursuant to section 1519 of the Bankruptcy Code, including the entry of the Provisional Order.

### (a) There Is A Substantial Likelihood Of Foreign Recognition.

As set forth in <u>Section A</u> above, the Foreign Representative has provided a solid basis for recognition of the Czech Republic Proceeding, and has thereby more than demonstrated a reasonable probability that such proceeding will be recognized as a foreign main proceeding.  Based on the facts that (a) the Czech Republic Proceeding is pending in the Czech Republic, which is the location of the Debtor's' center of main interests, (b) all proper supporting documentation was filed contemporaneously with the Verified Petition, and (c) this case was properly commenced by a duly appointed foreign representative, there is a high likelihood that recognition of the Czech Republic Proceeding as a foreign main proceeding will be granted.

### (b) The Debtor Will Suffer Irreparable Injury If The Provisional Order Is Not Entered.

The Foreign Representative believes that application of provisional relief pursuant to section 362 of the Bankruptcy Code in this case is critical to the prevention of irreparable damage to the Debtor's reorganization proceeding in the Czech Republic.  This case was commenced for the purpose of obtaining the assistance of the Court in respect of the Czech Republic Proceeding and to give effect in the United States to the Czech Order.  As noted above, the Debtor is subject to various claims in the Terex Litigation.  Unless the Provisional Order is entered, the Debtor faces the possibility of immediate and irreparable harm from prosecution of claims in the Terex Litigation, the entry of a judgment in the Terex Litigation, and the enforcement of any

such judgment.  This type of decentralized administration of the Debtor's assets could be extremely prejudicial to the Debtor's reorganization process, and could serve to hinder the Czech Republic Proceeding.

With respect to the potential for collection activity on a piecemeal basis, a number of courts have recognized the need for provisional relief to prevent individual creditors from taking extrajudicial advantage of the reorganization process.  See *Victrix S.S. Co., S.A. v. Salen Dry Cargo, A.B.*, 825 F.2d 709, 713-14 (2d Cir. 1987) (harm to an estate exists where the orderly determination of claims and the fair distribution of assets are disrupted); *In re Banco Nacional de Obras y Servicios Publicos, S.N.C.*, 91 B.R. 661, 664 (Bankr. S.D.N.Y. 1988) (stating that injunctive relief is necessary "to prevent individual American creditors from arrogating to themselves property belonging to the creditors as a group"); *In re Lines*, 81 B.R. at 270 (stating that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury").

If all creditors are not enjoined, the assets of the Debtor located in the United States may be prematurely seized and the orderly determination of claims in the foreign proceeding will be rendered impossible.  If creditors unilaterally pursue collection or enforcement efforts, or application of setoff, it could diminish the value of the Debtor's assets and cause significant delay and disruption to the restructuring process.  The purpose of chapter 15 is to prevent such harm.  *See* 11 U.S.C. § 1501.

Accordingly, the Debtor respectfully requests that, pending the hearing on the Final Order, the Provisional Order be approved in all respects and the terms and provisions of the Final Order be implemented.

**(c) There Will Be No Greater Harm To Others If The Relief Is Granted.**

In contrast to the hardships described above, preservation of the status quo through imposition of the automatic stay while the Foreign Representative and the Debtor undertake the reorganization process in the Czech Republic Proceeding will not prejudice creditors. The relief requested in the Recognition Motion is intended to be temporary, extending only through the disposition of the Petition for Recognition. If recognition of the Czech Republic Proceeding is granted, the same relief being requested on a provisional basis would come into effect automatically. Moreover, the Provisional Order specifically provides that any creditor that believes it has been harmed by the provisional relief granted therein may file a motion with the Court seeking relief therefrom. Accordingly, the balance of the hardships tips decidedly in favor of the Debtor, as there will be negligible, if any harm to others if the relief is granted.

**(d) Granting The Requested relief Is Consistent With U.S. Public Policy.**

Granting the provisional relief requested in the Recognition Motion will help advance the purpose of chapter 15, "to provide effective mechanisms for dealing with cases of cross-border insolvency," with the express objectives of cooperation between United States courts, trustees, examiners, debtors, the courts, and the other competent authorities of foreign countries; greater legal certainty for trade and investment; fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested entities, including the debtor; the protection and maximization of the debtor's assets; and the facilitation of the rescue of financially troubled businesses. 11 U.S.C. § 1501(a)(1)-(5). *See In re SPhinX Ltd.*, 351 B.R. 103,

112 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007); *In re Bear Stearns*, 374 B.R. at 126.  If the provisional relief sought is not granted, the Debtor will be exposed to the risks detailed above, including potential enforcement actions by creditors in the United States.  Such actions on the part of creditors would undermine the Czech Republic Proceeding and unduly interfere with the orderly administration of the Debtor's reorganization process, which is exactly the type of harm chapter 15 is intended to prevent.  *See* 11 U.S.C. § 1501.

In addition, and as set forth above with respect to final recognition of the Czech Republic Proceeding, the provisional relief promotes cooperation between foreign jurisdictions and comity among tribunals.  Providing the requested assistance would effectuate the public policy considerations underpinning section 1525 of the Bankruptcy Code which mandates cooperation "to the maximum extent possible" between the Court and a foreign court.  *See* 11 U.S.C. § 1525.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court grant the relief requested in the Petition for Recognition, and such other and further relief as may be just and proper.

GELLERT SCALI BUSENKELL & BROWN, LLC

By:  */s/ Michael Busenkell*

Dated:  November 15, 2013

Michael Busenkell (No. 3933)
913 N. Market Street, 10th Floor
Wilmington, DE  19801
T:  302-425-5812 / F: 302-425-5814
mbusenkell@gsbblaw.com

*Attorneys for Foreign Representative*

17